ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| CRUZ VIOLETA TORRES RAMÍREZ<br><br>Querellante-Recurrida<br><br>v.<br><br>FIRST HOSPITAL PANAMERICANO, INC., ASEGURADORA ABC Y ASEGURADORA XYZ<br><br>Querellada-Peticionaria | KLCE202301212 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sala: 604<br><br>Caso Núm. PO2021CV00568<br><br>Sobre: Reclamación por Despido Injustificado al Amparo de la Ley 80 de 30 de mayo de 1976, Ley de Indemnización por Despido sin Justa Causa; Según Enmendada, 29 LPRA Sec. 185A, Et. Seq.; Bajo Procedimiento Sumario al Amparo de la Ley 2 de 17 de octubre de 1961 32 LPRA §3118 Et. Seq; Ley 115 Ley de Represalias Contra Empleado por Ofrecer Testimonio y Causa de Acción; Daños y Perjuicios; Ley Contra el Discrimen en el Empleo del 1959 Ley Núm. 100 de 30 de junio de 1959, Según Enmendada (29 LPRA Sec. 146 Et Seq) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece First Hospital Panamericano, (en adelante, FHP o parte peticionaria) para solicitarnos que se revise y revoque la *Resolución* emitida el 2 de octubre de 2023 y notificada el 3 de octubre de del mismo año por el Tribunal de Primera Instancia, Sala Superior de Ponce, en la cual declaró *No Ha Lugar* a la *Moción Dispositiva Parcial* presentada por la peticionaria. La señora Cruz V.

Torres Ramírez (en adelante señora Torres Ramírez o recurrida) presentó su alegato en oposición el 6 de diciembre de 2023.

Por los fundamentos que exponemos a continuación, se expide el auto de *Certiorari*, modificamos la *Sentencia Parcial* a los fines de establecer que la defensa afirmativa de prescripción no fue renunciada y así *modificada*, se *confirma* la *Resolución* recurrida.

**I**

El 8 de marzo de 2021, la señora Cruz V. Torres Ramírez presentó una *Querella* bajo el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, (en adelante, "Ley Núm. 2-1961").[1] La *Querella* fue presentada al amparo de la Ley Núm. 80 de 30 de mayo de 1976, también conocida como "*Ley Sobre Despidos Injustificados*", (en adelante, "Ley Núm. 80-1976");[2] igualmente, al amparo de la Ley Núm. 100 de 30 de junio de 1959, (en adelante, "Ley Núm. 100-1959") por discrimen por razón de edad,[3] y al palio de la Ley Núm. 115 del 20 de diciembre de 1991, (en adelante, "Ley Núm. 115-1991"),[4] por represalias y en daños y perjuicios. En apretada síntesis, la señora Torres Ramírez alegó haber sido víctima de un despido constructivo, discrimen, represalias, y daños y perjuicios mediante un patrón ininterrumpido de eventos iniciados desde finales del año 2017 hasta el 4 de septiembre de 2020.

El 30 de marzo de 2021, FHP presentó su *Contestación a Querella* en donde contestó las alegaciones, se opuso a las reclamaciones de la *Querella* y levantó una serie de defensas afirmativas, entre ellas, que la *Querella* no aducía hechos que justificaran la concesión de un remedio, también añadió que la

---

[1] Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118.

[2] Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185 et. Seq.

[3] Ley Anti-discrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 et seq.

[4] Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial, Ley Núm. 115-1991, según enmendada, 29 LPRA sec. 194 et seq.

querella estaba prescrita en todo o en parte.[5] Posteriormente, el Tribunal de Primera Instancia celebró una vista argumentativa el 15 de febrero de 2022, en la cual, entre otros asuntos, convirtió el proceso sumario a uno ordinario.[6]

Acaecidos varios incidentes procesales, el 25 de abril de 2023, la señora Torres Ramírez presentó una *Moción sobre Objeciones a Contestación y Otros Extremos*.[7] Además de discutir y reclamar sobre asuntos de descubrimiento de prueba, la querellante solicitó al Tribunal de Primera Instancia que emitiera una resolución donde estableciera que la defensa de prescripción fue renunciada al no cumplir con las disposiciones de las Reglas 6.2 y 6.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.2 y R. 6.3, respectivamente.

En cambio, el 2 de mayo de 2023, FHP presentó su *Oposición a Moción sobre Objeciones a Contestación y Otros Extremos* en la cual arguyó que en su alegación responsiva no interpuso un "catálogo" genérico *all-inclusive* inconexo y sin sentido relacional a las admisiones, negaciones y alegaciones afirmativas. Además, adujo que, en todo caso, antes de eliminarle y/o prohibirle presentar prueba en torno a la defensa que se trate, el foro primario debió dictar una orden contra el demandado requiriéndole que exponga una relación de hechos demostrativos de que le asiste tal defensa, a cuyo paso no ha llegado el caso.[8]

Posteriormente, el 5 de junio de 2023, FHP presentó una *Moción Dispositiva Parcial* con una variedad de argumentos en solicitud de sentencia parcial desestimando con perjuicio.[9] En cuanto a la reclamación de discrimen por razón de edad al amparo de la Ley Núm. 100-1959, FHP solicitó que se desestimara con perjuicio por estar prescritas las alegaciones de hecho de discrimen

---

[5]Apéndice 3 del Recurso de *Certiorari*, págs. 29-39.
[6]Apéndice 4 del Recurso de *Certiorari*, págs. 40-53.
[7]Apéndice 5 del Recurso de *Certiorari*, págs. 54-101.
[8]Apéndice 11 del Recurso de *Certiorari*, págs. 169.
[9]Apéndice 6 del Recurso de *Certiorari*, págs. 102-141.

que se remontan a más de un (1) año antes de la fecha de la reclamación judicial, esto siendo el 5 de octubre de 2020.

En cuanto a las causas de acción sobre despido tácito bajo la Ley Núm. 80-1976 y despido represivo al amparo de la Ley Núm. 115-1991, FHP solicitó que se dictara sentencia parcial desestimatoria con perjuicio por no ser pertinente para fines evidenciarios al ser incapaz de establecer causalidad toda alegación de hecho que se remonte a más de cuatro (4) meses antes del alegado despido, cuya alegada fecha es el 4 de septiembre de 2020.

En oposición, el 30 de junio de 2023, la señora Torres Ramírez presentó una Solicitud para que se Desestime Moción Dispositiva y Reiterando Renuncia de Defensa Afirmativa de Prescripción.[10] En primer lugar, arguyó que la solicitud de desestimación realmente se trataba de una defectuosa solicitud de sentencia sumaria parcial que incumplía con los requisitos establecidos por la Regla 36.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R.36.3. Por otro lado, argumentó que tampoco procedía la solicitada desestimación por haberse renunciado a la defensa afirmativa de prescripción.

El 12 de junio de 2023, el Tribunal de Primera Instancia emitió una *Orden* donde indicó que el asunto quedó sometido ante la consideración del tribunal. Posteriormente, el 2 de octubre de 2023, notificada al día siguiente, el foro primario emitió una *Resolución* donde declaró *No Ha Lugar* a la Moción Dispositiva Parcial precitada.[11] Particularmente, el foro de instancia resolvió lo siguiente: 1) en cuanto a la solicitud de desestimación de toda alegación de hecho de la reclamación de discrimen que se remonte a más de un (1) año antes de la reclamación extrajudicial por estar prescrita, el Foro a *quo* resolvió que dicha defensa afirmativa según levantada no cumplió con los requisitos de ser clara, expresa y

---

[10] Apéndice 7 del Recurso de *Certiorari*, págs. 142-154.
[11] Apéndice 11 del Recurso de *Certiorari*, págs. 163-187.

específica según requerido por la Regla 6.3 de las de Procedimiento Civil, *supra*, y que, por lo tanto, fue renunciada; 2) en cuanto a solicitud de desestimación de toda alegación de hecho sobre despido represivo al palio de la Ley Núm. 115-1991 que se remonte a más de cuatro (4) meses antes del alegado despido, el tribunal recurrido resolvió que las alegaciones no constituían prueba y que la proximidad temporal no era el único medio de prueba que tenía la querellante para probar la existencia de nexo causal; y 3) en cuanto a solicitud de desestimación de toda alegación de hecho sobre despido constructivo que se remonte a más de cuatro (4) meses antes de la alegada renuncia forzada por no ser pertinente para fines evidenciarios, el foro primario reiteró que las alegaciones no constituían prueba y resolvió que, del expediente no surgió existencia de controversia sobre la prescripción de causa de acción por despido injustificado. Además, añadió que la parte querellante tiene el peso de la prueba para prevalecer en la reclamación.

Inconforme y prescindiendo de la presentación de una reconsideración, el 2 de noviembre de 2023, la parte peticionaria presentó el auto de Certiorari ante nos con los siguientes señalamientos de error:

I. ERRÓ EL TPI AL NO DESESTIMAR LAS ALEGACIONES DE DISCRIMEN EN EL EMPLEO CONTENIDAS EN LA DEMANDA QUE SE REMONTAN A UN (1) AÑO ANTES DEL 5 DE OCTUBRE DE 2019, FECHA EN QUE TORRES NOTIFICÓ A FHP UNA CARTA DE RECLAMACIÓN EXTRAJUDICIAL RECLAMANDO DISCRIMEN POR EDAD.

II. ERRÓ EL TPI AL INTERPRETAR DE FORMA INCORRECTA, MECÁNICA E IMPRÁCTICA LA REGLA 6.2 (a) DE PROCEDIMIENTO CIVIL RESOLVIENDO QUE FHP RENUNCIÓ A LA DEFENSA AFIRMATIVA DE PRESCRIPCIÓN NO OBSTANTE EN LAS CIRCUNSTANCIAS DEL PRESENTE CASO HABERLA LEVANTADO EXPRESAMENTE INDICANDO "LA DEMANDA ESTÁ TOTAL O PARCIALMENTE PRESCRITA".

III. ERRÓ EL TPI AL NEGARSE A DESESTIMAR LAS ALEGACIONES CONTENIDAS EN LA DEMANDA RELATIVAS A LA RECLAMACIÓN DE DESPIDO TÁCITO QUE SE REMONTAN A MÁS DE CUATRO MESES ANTES

DE LA FECHA EN QUE TORRES PRESENTÓ A FHP SU RENUNCIA A SU EMPLEO FUNDAMENTANDO DICHA DENEGATORIA EN LAS INAPLICABLES MÁXIMAS DE QUE (1) "TODO LITIGANTE TIENE DERECHO A SU DÍA EN CORTE" Y (2) "LAS ALEGACIONES NO CONSTITUYEN PRUEBA".

Examinado el recurso en su totalidad y con el beneficio de la comparecencia de ambas partes, procedemos a establecer el derecho aplicable y resolver.

## II

### -A-

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido.[12] La Regla 52.1 de las de Procedimiento Civil, *supra,* establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes interlocutorias dictadas por el Tribunal de Primera Instancia.[13] En lo pertinente, la Regla 52.1, *supra,* dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una** resolución u orden bajo las Reglas 56 y 57 o de la **denegatoria de una moción de carácter dispositivo**. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga

---

[12] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 2023 TSPR 65 212 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012).
[13] *Íd.*; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 709 (2019).

contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.[14] (Énfasis nuestro).

La discreción del tribunal revisor no debe abstraerse del resto del Derecho, y por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera.[15] Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros.[16] Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones,[17] orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari*.[18] La referida regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[14] 32 LPRA Ap. V, R. 52.1.
[15] *Torres González v. Zaragoza Meléndez*, 211 DPR 821,847 (2023); *Mun. Caguas v. JRO Construction, supra*, pág. 712; *IG Builders et al. v. BBVAPR, supra*, pág. 338.
[16] *Íd.*
[17] 4 LPRA Ap. XXII-B, R. 40.
[18] *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., supra*; *Mun. Caguas v. JRO Construction, supra*, pág. 712; *McNeil Healthcare v. Mun. Las Piedras I, supra*, págs. 404-405; *IG Builders et al. v. BBVAPR, supra*, págs. 338-339.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso.[19] Es por ello que los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado.[20] Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[21]

### *-B-*

Por otro lado, la Regla 10 de Procedimiento Civil, *supra*, permite a una parte demandada presentar tres (3) clases de mociones antes de contestar la demanda, estas siendo: **(1) una moción de desestimación**; (2) una moción para solicitar una exposición más definida; y (3) una moción eliminatoria.[22] La notificación de alguna de estas mociones interrumpe y altera el término para presentar la alegación responsiva.[23] No obstante, en aras de evitar dilaciones innecesarias, la parte que presente una moción al amparo de la regla deberá acumular en esta, todas las mociones y defensas a las que entienda que tiene derecho y que la regla contempla.[24]

Por su parte, la Regla 10.2 de las de Procedimiento Civil, *supra*, permite que una parte demandada solicite la desestimación de una causa de acción presentada en su contra si resulta evidente

---

[19] *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).
[20] *Íd.*
[21] *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, *supra*; *Cruz Flores et al. v. Hospital Ryder Memorial, Inc.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).
[22] 32 LPRA Ap. V, R. 10.2, 10.4 y 10.5.
[23] 32 LPRA Ap. V, R. 10.1; *Conde Cruz v. Resto Rodríguez, supra*, pág. 1065.
[24] 32 LPRA Ap. V, R. 10.7.

que de las alegaciones de la demanda prosperará alguna de las defensas afirmativas que establece la misma regla. Esta moción se basará en al menos uno de los siguientes fundamentos: (1) la falta de jurisdicción sobre la materia o (2) la falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento (4) insuficiencia del emplazamiento del diligenciamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio**, o (6) dejar de acumular una parte indispensable.[25] La parte que presente dicha moción de desestimación deberá acumular todas las defensas que la regla permite o, de no hacerlo, se entenderán renunciadas, con excepción a la defensa de jurisdicción sobre la materia o las contempladas en la Regla 10.8 de Procedimiento Civil.[26]

En lo pertinente al caso de autos, si de las alegaciones de la demanda surge que la acción prescribió, la parte demandada puede presentar una moción de desestimación por prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil.[27] La defensa de dejar de exponer una reclamación que justifique la concesión de un remedio no está sujeta a la regla general sobre acumulación y renuncia de defensas que la Regla 10.7 de Procedimiento Civil instituye.[28] **No obstante, cuando la moción de desestimación al amparo de la Regla 10.2 (5) de las de Procedimiento Civil, *supra*, se basa en una de las defensas afirmativas que considera la Regla 6.3 de Procedimiento Civil, *supra*, entre las que se encuentra la prescripción, se entenderán renunciadas las defensas afirmativas si no se plantean en la primera alegación responsiva**.[29] Es decir, se entenderá por renunciada y no se podrá plantear en la moción de desestimación al amparo de la Regla

---

[25] *Íd.*
[26] 32 LPRA Ap. V, R. 10.7-10.8; *Conde Cruz v. Resto Rodríguez, supra,* pág. 1066.
[27] *Conde Cruz v. Resto Rodríguez, supra,* pág. 1066.
[28] *Íd.*
[29] *Conde Cruz v. Resto Rodríguez, supra,* pág. 1067.

10.2(5) de Procedimiento Civil aquellas defensas afirmativas que no fueron planteadas en la primera alegación responsiva. [30]

De ordinario, al considerarse una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como cierto y de la forma más favorable para la parte demandante todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente.[31] A tenor con lo anterior, los foros adjudicativos tienen el deber de interpretar las alegaciones de una demanda de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial.[32]

Para que prevalezca una solicitud de desestimación al amparo de la Regla 10.2, el tribunal debe convencerse con certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor.[33] Así pues, los foros judiciales deben ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida.[34] Asimismo, el Tribunal Supremo de Puerto Rico resolvió que el estándar de revisión de la moción de desestimación se extiende a la solicitud de remedios alternativos.[35]

-*C*-

Nuestro ordenamiento procesal no establece requisitos complicados para la redacción de una demanda. Meramente se exige que el escrito comprenda una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a

---

[30] 32 LPRA Ap. V, R. 10.2(5).
[31] *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 84 (2023); *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 396 (2022).
[32] *Eagle Security Police, Inc. v. Dorado, supra,* pág. 84; *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016).
[33] *Rivera Sanfeliz et al. V. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015).
[34] *Eagle Security Police, Inc. v. Dorado, supra,* pág. 84.
[35] *La Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579,614-615 (2023); *Cobra Acquisitions, LLC v. Municipio de Yabucoa, supra,* págs. 400-401.

un remedio.[36] La Regla 6.2 (a) de Procedimiento Civil requiere que la parte contra quien se solicite un remedio deba presentar su alegación responsiva en la que admitirá o negará las aseveraciones en las que descansa la parte contraria y a su vez, expondrá sus defensas, respaldándolas con una relación de los hechos que demuestren su justificación.[37] Además, el inciso (b) de la referida Regla dispone lo siguiente:

> En caso de que la parte que presente una alegación responsiva incumpla total o parcialmente con los requisitos impuestos en el inciso (a) de esta regla, **el tribunal, a iniciativa propia o a solicitud de parte, podrá dictar una orden para requerirle que satisfaga las exigencias de dicho inciso**.[38]

**Es decir, frente al incumplimiento de una parte con las disposiciones de esta Regla, lo procedente es que el Tribunal emita una orden *motu proprio* o a solicitud de parte y le requiera a la parte demandada a cumplir con los requisitos establecidos en el aludido inciso**. Así pues, entre las defensas que una parte puede alegar se encuentran las defensas afirmativas. Éstas son aseveraciones "que hace el demandado con hechos o argumentos, que, de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueran aceptadas como correctas".[39] Las defensas afirmativas abarcan materias de naturaleza sustantiva y/o materias constitutivas de una excusa que justifica que la parte demandada no deba responder a las reclamaciones en su contra.[40]

Por otro lado, además de negar o admitir las aseveraciones que contiene una alegación, la parte que responde mediante alegación responsiva deberá incluir en su contestación o réplica sus defensas contra cada reclamación interpuesta junto con una

---

[36] *León Torres v. Rivera Lebrón,* 204 DPR 20, 40 (2020), interpretando la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R 6.1.
[37] 32 LPRA Ap. V, R. 6.2 (a).
[38] *Íd.* (Énfasis suplido).
[39] *Conde Cruz v. Resto Rodríguez, supra*, pág. 1063.
[40] *Presidential v. Transcaribe,* 186 DPR 263, 280 (2012).

relación de los hechos demostrativos de que le asisten tales defensas.[41] Entre estas defensas que se pueden plantear se encuentran las defensas afirmativas.[42]

La Regla 6.3 de Procedimiento Civil esboza una lista no taxativa de defensas afirmativas que una parte deberá expresar en su alegación responsiva.[43] Las defensas afirmativas son aquellas "que presentan planteamientos sustentados por cuestiones de hecho o de derecho que no consisten en negaciones de los hechos alegados en la reclamación contra la cual se formulan [y que], de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueran aceptadas como correctas".[44] En fin, éstas solo tienen el propósito defensivo de impedir que prospere el reclamo en su contra.[45]

Según lo exige la Regla 6.3 de Procedimiento Civil, *supra*, estas defensas deben plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas.[46] El Tribunal Supremo de Puerto Rico ha establecido que las defensas afirmativas sin suficiente especificidad, incoadas de manera general y sin fundamentos, tienen el efecto de una renuncia, lo cual impide que puedan formularse posteriormente o sustituirse por una defensa similar.[47] Es decir, que si meramente se alega la defensa afirmativa, la alegación será insuficiente y se entenderá renunciada.[48] De igual forma, la precitada Regla 6.3 establece que:

> [...]Al responder a una alegación, las siguientes defensas deberán expresarse afirmativamente:
> [...]
> (q) prescripción adquisitiva o extintiva [...].

---

[41] 32 LPRA Ap. V, R. 6.2; *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043-63.
[42] *Íd.*
[43] 32 LPRA Ap. V, R. 6.3.
[44] *Río Mar Community Association, Inc. v. Mayol Bianchi*, 208 DPR 100, 110 (2021), citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2404, págs. 289-290.
[45] *Bacardí Corp. v. Torres Arroyo*, 202 DPR 1014, 1023 (2019).
[46] 32 LPRA Ap. V, R. 6.3.
[47] *Río Mar Community Association, Inc. v. Mayol Bianchi*, *supra*, págs. 110-111.
[48] *Presidential v. Transcaribe*, 186 DPR 263, 281 (2012).

**Estas defensas deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas** [...].[49]

Ahora bien, la referida regla establece una excepción en los casos en que la parte advenga en conocimiento de la existencia de una defensa afirmativa durante el descubrimiento de prueba, por lo cual en cuyo caso deberá hacer la enmienda a la alegación pertinente.[50] En estos casos, la parte deberá enmendar con premura su contestación a la demanda para incluir dicha defensa afirmativa omitida, aduciendo en ella su desconocimiento al momento de contestar la demanda.[51]

El Tribunal Supremo de Puerto Rico se ha pronunciado ante esta particularidad y destaca una característica importante de la antedicha Regla 6.3, *supra*. **Según surge de la regla antes citada, una característica importante de estas defensas es que se entienden renunciadas si no se aducen al responder a una alegación, es decir, en la alegación responsiva.** Por lo tanto, un demandado que no aduce una defensa afirmativa en la contestación a la demanda renuncia a esta y no podrá plantearla en una etapa posterior del proceso judicial.[52]

En síntesis, nuestro más alto foro reiteró que "las defensas afirmativas —entre ellas, la prescripción extintiva— **solamente se entienden renunciadas si no se plantean en la primera alegación responsiva**".[53]

### -D-

La prescripción extintiva es una figura de derecho sustantivo que extingue el derecho a ejercer cierta causa de acción debido a la inacción de una parte durante un período determinado.[54] El fin de

---

[49] 32 LPRA Ap. V, R. 6.3. (Énfasis suplido).

[50] 32 LPRA Ap. V, R. 6.3.

[51] *Conde Cruz v. Resto Rodríguez, supra*, pág. 1064.

[52] *Íd.* pág. 1064.

[53] *Íd.* pág. 1070. (Énfasis suplido).

[54] *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120, 213 DPR ___ (2023); *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 356 (2022).

este precepto jurídico es "castigar la inercia y estimular el rápido ejercicio de las acciones".[55] De esta forma, se promueve el ejercicio diligente de las causas de acción y fomenta la estabilidad en las relaciones y tráfico jurídico.[56] Por ello, al fijarse un determinado plazo en el cual se deberá instar la causa de acción, se fija un punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas indefinidamente a la contingencia de una reclamación.[57] De lo contrario, un demandado podría encontrarse en un estado de indefensión ante la pérdida de evidencia a su favor por el paso del tiempo.[58]

El artículo 1189 del Código Civil de Puerto Rico dispone que la prescripción "es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo" y que "las acciones prescriben por el mero lapso del tiempo fijado por ley".[59] Es decir, el titular de una causa de acción pierde su derecho a instarla si no la ejerce en el plazo que la ley establece o no interrumpe el término.[60] Una vez agotada el término prescriptivo establecido por ley para ejercer la determinada acción, se extingue el derecho a reclamar por la misma, quedando exonerada la persona que estaba sujeta a responder.[61] Por lo tanto, la prescripción es una defensa afirmativa que deberá plantearse de forma expresa y oportuna o, de lo contrario, se creará renunciada.[62]

El artículo 1197 del Código Civil establece tres (3) modos para interrumpir un término prescriptivo: (1) mediante la presentación de la queja o acción judicial, administrativa o arbitral correspondiente;

---

[55] *Íd.*

[56] *Conde Cruz v. Resto Rodríguez, supra,* pág. 1067; *Haedo Castro v. Roldán Morales,* 203 DPR 324, 336 (2019).

[57] *Íd.*

[58] *Íd.*

[59] Art. 1189 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 9481.

[60] *Conde Cruz v. Resto Rodríguez, supra,* pág. 1067.

[61] *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 2023 TSPR 80, 212 DPR ___ (2023).

[62] *Íd.*

(2) una reclamación extrajudicial; y (3) el reconocimiento de la deuda por parte del deudor.[63] Una vez interrumpido, el término prescriptivo comienza a correr nuevamente.[64]

La teoría general de daños que dispone que el período prescriptivo de un año para acciones de responsabilidad civil extracontractual comienza a transcurrir en la fecha cuando el perjudicado conoce del daño y quién fue su autor, y además conoce los elementos necesarios para ejercer efectivamente su causa de acción.[65] Como norma general, el término prescriptivo de un año dispuesto en el artículo 1868 del Código Civil, 31 LPRA sec. 5298, comienza desde que el agraviado tuvo o debió tener conocimiento del daño que sufrió y estuvo en posición de ejercer su causa de acción. Por esa razón, cuando la causa de acción es por responsabilidad civil extracontractual, es importante precisar el tipo de daño por el que se reclama para poder establecer el punto de partida o el momento inicial del cómputo y, de esta forma, conocer con certeza cuál será su momento final.[66]

Sin embargo, es conocido que, ante la incongruencia de dos leyes, la legislación especial impera sobre la ley especial en nuestro ordenamiento jurídico. Por lo que es el *Principio de Especialidad* quien rige cuando existe un aparente conflicto sobre una misma materia.[67] El principio de especialidad también es extensivo en las causas de acción laborales, incluyendo los términos prescriptivos y la reclamación de daños.

El Tribunal Supremo de Puerto Rico especificó que "[e]n aquellas ocasiones en las cuales el discrimen ocasione un despido

---

[63] Artículo 1197 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 9489.

[64] *Nevárez Agosto v. United Surety & Indemnity Company*, 209 DPR 346, 357 (2022).

[65] *Maldonado Rivera v. Suarez, supra*, pág. 193; *Col. Mayor Tecn. V. Rodríguez Fernández*, 194 DPR 635, 647 (2016); *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 166 (2007).

[66] *Rivera Ruz v. Mun. De Ponce*, 196 DPR 410, 416 (2016).

[67] *Pueblo v. Hernández Villanueva*, 179 DPR 872,892 (2010).

ilegal, el término prescriptivo comienza a transcurrir a partir del momento en que el empleado es notificado de la cesantía. Ello es así debido a que es a partir de este momento que el agraviado adviene en conocimiento de los daños que le ocasionó la actuación arbitraria".[68]

Por otro lado, también nuestro máximo foro estableció que sobre algunos casos donde: **"[e]xiste un despido constructivo cuando un empleado se ve forzado a presentar su renuncia debido a las condiciones de trabajo onerosas impuestas por el patrono**. En otras palabras, estamos ante un despido constructivo cuando los actos voluntarios e injustificados de un patrono tienen el propósito de obligar a un empleado a dejar su cargo por ser ésta la única alternativa razonable que le queda al empleado.[69] "**En los casos de despido constructivo, el empleado tiene conocimiento del daño al momento de notificar su renuncia[,] por lo que es a partir de ese momento, y no desde que ésta es efectiva que comienza a transcurrir el término prescriptivo**".[70]

*-E-*

Por otro lado, la Ley Núm. 100-1959, mejor conocida como "*Ley contra el Discrimen en el Empleo",* en su *Exposición de Motivos* estableció para proteger a los empleados (as) y aspirantes a empleo contra los discrímenes de sus patronos.[71]

Dentro de las protecciones que brinda la Ley Núm. 100-1959, se encuentran haber sufrido discrimen por **razón de edad**, raza, color, religión, sexo, origen social o nacional o condición social afiliación política, o ideas políticas o religiosas, entre otros.[72] Ahora

---

[68] *Nazario v. ELA*, 159 DPR 799, 811 (2003) (Sentencia).

[69] *Hernández v. Trans Oceanic Life Ins. Co.,* 151 DPR 754, 777 (2000); *Vélez de Reilova v. R. Palmer Bros. Inc.*, 94 DPR 175, 178 (1967).

[70] *Nazario v. ELA, supra*, 810, (2003), (sentencia) citando a *Delgado Rodríguez v. Nazario de Ferrer*, *Delgado Rodríguez v. Nazario de Ferrer*, 121 DPR 346, 360-361(1988).

[71] *Exposición de Motivos,* Ley contra el Discrimen en el Empleo, Ley Núm. 100-1959, según enmendada, 29 LPRA sec. 146.

[72] 29 LPRA sec. 146 a.

bien, de una lectura cautelosa de la antedicha ley, podemos observar que no se dispone un término específico para instar causas de acción al amparo de ésta. **Es por ello que, en ausencia de una disposición legislativa clara y específica, el Tribunal Supremo de Puerto Rico determinó mediante la jurisprudencia interpretativa que las acciones al palio de la Ley Núm. 100-1959 tienen un término prescriptivo de un (1) año**.[73]

Tal como destacamos anteriormente en los casos de despido constructivo, "el empleado tiene conocimiento del daño al momento de notificar su renuncia [,] por lo que es a partir de ese momento, y no desde que ésta es efectiva que comienza a transcurrir el término prescriptivo".[74]

*-F-*

Según establecido en la *Exposición de Motivos* de la Ley Núm. 80-1976, la Asamblea Legislativa de Puerto Rico promulgó la precitada ley con el propósito de garantizar que los empleados despedidos sin justa causa tengan derecho a recibir de su patrono una compensación correspondiente a un mes de sueldo más una indemnización adicional progresiva equivalente a por lo menos una semana de sueldo por cada año de servicio.[75]

La Ley Núm. 80-1976,[76] cumple el fin de proteger a los empleados de actuaciones arbitrarias del patrono al disponer de remedios económicos que desalienten los despidos injustificados.[77] Según establecido por el Tribunal Supremo de Puerto Rico, esta legislación tiene dos propósitos principales: 1) desalentar la práctica

---

[73] *Suarez Ruiz v. Figueroa Colón,* 145 DPR 142, 150 (1998). (Énfasis suplido).
[74] *Nazario v. ELA, supra*, pág. 810 (2003), (sentencia) citando a *Delgado Rodríguez v. Nazario de Ferrer*, supra, pág. 361. (Énfasis suplido).
[75] *Exposición de Motivos,* Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial, Ley Núm. 115-1991, según enmendada, 29 LPRA sec. 194 et seq.
[76] Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a et seq.
[77] *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 770 (2022); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 929 (2015).

de despedir a empleados sin que medie justa causa; y 2) proveer a los empleados remedios consustanciales a los daños causados por los despidos injustificados.[78]

El esquema normativo de la Ley Núm. 80-1976 incluye, entre las definiciones del término "**despido", una renuncia del empleado ocasionada por actuaciones del patrono dirigidas a inducirlo o forzarlo a renunciar**, **tales como imponerle o intentar imponerle condiciones de trabajo más onerosas, reducirle el salario, rebajarlo en categoría o someterlo a vejámenes o humillaciones de hecho o de palabra**. Debido a sus características particulares, se cataloga esta modalidad de despido injustificado como "despido constructivo o tácito".[79]

La Ley Núm. 80-1976 expresamente dispone en su artículo doce (12) que los derechos que concede esta Ley prescribirán por el transcurso de un (1) año a partir de la fecha efectiva del despido mismo".[80] **Reiteramos que, este término prescriptivo ocurrirá al momento en que el empleado notifica su renuncia**.[81]

### III

Procedemos inicialmente a discutir inicialmente el segundo (2) señalamiento de error, donde la peticionaria arguye que el Foro *a quo* erró al haber resuelto que el FHP renunció a la defensa afirmativa de prescripción por no haberla planteado de manera clara, expresa y específica conforme a la Regla 6.2 y 6.3 de Procedimiento Civil, según lo establecido por la jurisprudencia vigente. *Le asiste la razón*

Como fue esbozado previamente, el Tribunal Supremo de Puerto Rico ha sido enfático en la interpretación de las Reglas de Procedimiento Civil, *supra*, sosteniendo que, si no se alegan las

---

[78] *González Méndez v. Acción Social et al.*, 196 DPR 213, 229-230 (2016).
[79] 29 LPRA sec. 185e. *León Torres v. Rivera Lebrón,* 204 DPR 20, 22 (2020).
[80] 29 LPRA sec. 1851.
[81] *Nazario v. ELA, supra*, pág. 810, (2003), (sentencia) citando a *Delgado Rodríguez v. Nazario de Ferrer, supra*, pág. 361. (Énfasis suplido).

defensas afirmativas de manera clara y específica, se entenderán por renunciadas. La parte peticionaria alegó en su *Contestación a querella*, que "**la querella está prescrita en todo o en parte**".[82] Posteriormente, luego de varios trámites procesales, presentó una *Moción Dispositiva* que recibió el tratamiento de una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*.[83] En esta, la peticionaria reiteró que la causa de acción estaba prescrita totalmente. FHP alegó de manera específica hacia cada reclamación en la demanda, la defensa de prescripción aplicable y sus argumentos. Sin embargo, ante la oportuna *Oposición* de la señora Torres Ramírez a la *Moción Dispositiva* precitada, FHP no solicitó enmendar sus defensas afirmativas en la contestación de la querella.

En nuestro ordenamiento es norma reiterada que la parte responsable de presentar una alegación responsiva debe reconocer o negar las aseveraciones de la parte contraria, al mismo tiempo que exponer sus defensas respaldándolas con una relación de hechos demostrativos según establecido en la Regla 6.2 (a).[84] El inciso (b) de la referida Regla nos específica el remedio disponible cuando una parte no incluye los hechos evidentes que sostienen su defensa.[85] Esto es, "**el tribunal a iniciativa propia o a solicitud de parte, podrá dictar una orden para requerirle que satisfaga las exigencias de dicho inciso**".[86]

Por otra parte, la Regla 6.3 de Procedimiento Civil, *supra*, nos provee un catálogo de las defensas afirmativas que una parte puede añadir en su alegación responsiva, incluyendo entre ellas la defensa de prescripción.[87] Dicha Regla establece que **las defensas deben ser**

---

[82] Apéndice 3 del Recurso de *Certiorari*, pág. 36.
[83] Apéndice 6 del Recurso de *Certiorari*, págs. 102-141.
[84] 32 LPRA Ap. V, R. 6.2 (a).
[85] 32 LPRA Ap. V, R. 6.2 (b).
[86] *Íd.* (Énfasis suplido).
[87] 32 LPRA Ap. V, R. 6.3.

**expresadas de manera clara, precisa y específica al contestar una alegación, puesto que, de lo contrario, se considerarán renunciadas**.[88] La defensa afirmativa de prescripción solo se entenderá renunciada si no fue planteada en la primera alegación responsiva, siendo este el único escenario en el cual se considerará renunciada.[89]

**De una lectura integral de las precitadas Reglas en unión con la jurisprudencia interpretativa de las mismas, podemos colegir que cuando una parte prescinde de incorporar la relación de hechos que respalda la defensa afirmativa de prescripción en la Regla 6.2 de Procedimiento Civil, *supra*, lo que corresponde es que el Tribunal emita una orden para que se enmiende o suplemente la contestación a la demanda con referencia a los hechos en los que se fundamenta la defensa**.[90] Contrario a lo que dispone la Regla 6.3 de Procedimiento Civil, *supra*, donde se establece que se entenderá renunciada una defensa afirmativa si la misma no se expresa de manera clara, precisa y específica.[91]

Aunque es evidente la semejanza de ambas Reglas, toda vez que regulan la acumulación de defensas en la primera alegación responsiva, el incumplimiento de estas conduce a consecuencias diferentes. La Regla 6.2 (a) de Procedimiento Civil, *supra*, intima que las alegaciones y defensas que un demandado invoque en su contestación a la demanda estén basadas en los hechos que los respalden. Así pues, el remedio que la Regla 6.2 (b) de Procedimiento Civil, *supra*, provee en casos de inobservancia, lo es la enmienda a la alegación responsiva y no la renuncia a la defensa afirmativa. La renuncia a una defensa afirmativa, como lo es la prescripción,

---

[88] *Íd.*
[89] *Conde Cruz v. Resto Rodríguez, supra*, pág. 1047.
[90] 32 LPRA Ap. V, R. 6.2 (b).
[91] 32 LPRA Ap. V, R. 6.3.

exclusivamente aplica cuando se deja de esbozar en la contestación responsiva de forma clara, inequívoca y específica.

El análisis del lenguaje citado e incorporado a la "*Contestación a Querella*" pone de manifiesto que los peticionarios cumplieron con alegar la defensa afirmativa de prescripción de forma clara, inequívoca y específica. **Entiéndase, para propósitos de la querellante-recurrida no debía existir duda alguna de que los demandados-peticionarios invocaron dicha defensa en su primera alegación responsiva, pues se cumplió con los únicos requisitos que exige la Regla: que se alegue de forma clara, inequívoca y específica. Por tanto, estamos impedidos de validar la conclusión de que la misma se diera por renunciada.**

Al examinar las expresiones del foro recurrido en la *Resolución*, notamos que, en la adjudicación de la controversia de la renuncia de la defensa de prescripción, el Foro Primario concluyó que: "El Hospital presentó como defensas afirmativas, en lo pertinente a la controversia que nos ocupa, que la querella no aducía hechos que justificasen la concesión de un remedio en ley a favor de la parte querellante o en contra del Hospital y que la querella estaba prescrita en todo o en parte".[92] Posterior a ello, la recurrida solicitó al tribunal que determinara que la defensa de prescripción fue renunciada expresamente por el Hospital. Adujo que el Hospital (FHP) no cumplió con las disposiciones de las Reglas 6.2 y 6.3 de las de Procedimiento Civil, *supra.*

Así pues, según argumentado por la recurrida ante el Tribunal de Primera Instancia y acogido por dicho foro, se debía entender renunciada la defensa de prescripción por no haber aludido a los hechos en lo que basaba la misma. La renuncia no es el resultado que persiguen los incisos (a) y (b) de la Regla 6.2 de Procedimiento

---

[92] Apéndice 11 del Recurso de *Certiorari*, pág. 169.

Civil, *supra*. **Dicho efecto ocurre sólo cuando la defensa se deja de alegar en la alegación responsiva, a la luz de la Regla 6.3 de Procedimiento Civil,** *supra*. **Eso no fue lo que ocurrió en el presente caso. Los peticionarios sí alegaron la defensa de prescripción a tiempo.** Ahora bien, si el argumento era que estaba mal alegada, lejos de entenderse renunciada lo que procedía era ordenar la correspondiente enmienda a la alegación responsiva para que se hiciera referencia a los hechos en que se basaban los peticionarios para invocarla. *Se cometió el error señalado.*

En el próximo error a discutir, señala FHP que erró el Tribunal de Primera Instancia **al no desestimar las alegaciones de discrimen en el empleo,** toda vez que se remontan a un año antes de que la recurrida enviara una reclamación extrajudicial por discrimen por edad. *No le asiste la razón.*

Como explicamos anteriormente, el Foro de Primera Instancia justipreció que la defensa de prescripción había sido renunciada por no haber sido correctamente alegada en las defensas afirmativas. Es por ello que, el Foro a *quo* concluyó que las reclamaciones de la señora Torres Ramírez no se encontraban prescritas, toda vez que la defensa de prescripción había sido "renunciada". Ahora bien, de un minucioso análisis del expediente de autos y establecido que la defensa de prescripción no fue renunciada, corresponde en su día a la recurrida probar sus alegaciones de discrimen patronal ante el Tribunal de Primera Instancia. *No se cometió el error señalado.*

Como tercer y último señalamiento de error, la peticionaria sostuvo que el foro primario incidió al negarse a desestimar las alegaciones contenidas en la demanda relativas a la reclamación de despido tácito que se remontan a más de cuatro meses antes de la fecha en que la señora Torres Ramírez presentó a FHP su renuncia a su empleo fundamentando dicha denegatoria en las inaplicables

máximas de que (1) "todo litigante tiene derecho a su día en corte" y (2) "las alegaciones no constituyen prueba". *No le asiste la razón.*

Establecido que el término prescriptivo comenzará a decursar al momento en que la señora Torres Ramírez "renunció" o fue "despedida", corresponde al Tribunal de Primera Instancia realizar un examen ponderado de las alegaciones, mediante el desfile de prueba meritorio. Por lo que le corresponde a la recurrida demostrar mediante preponderancia de la prueba, los elementos necesarios para prevalecer en su reclamación y entonces a partir de la apreciación que merezca la prueba presentada, el foro primario determinará que alegaciones se sustentan y cuáles no. *No se cometió el error señalado.*

Por otro lado, ante una moción de desestimación, es norma reiterada en nuestro ordenamiento, que los tribunales vienen obligados a dar por ciertos los hechos bien alegados de la demanda y analizarlo de la manera más favorable para el demandante. En la querella aquí presentada se pueden apreciar suficientes hechos fehacientes que permiten que la señora Torres Ramírez pueda litigar su pleito y tener su día en corte. El Tribunal Supremo de Puerto Rico ha sido enfático en que la privación a un litigante de su día en corte es una medida procedente solo en casos extremos.[93] Es por ello que, existiendo suficientes hechos que permitían inferir que la recurrida tenía una causa de acción en contra de la peticionaria no procedía desestimar una demanda según la pretensión de FHP.

Por todo lo antes expuesto, concluimos que el foro primario erró al determinar que los peticionarios renunciaron a la defensa afirmativa de prescripción. El proceder adecuado por parte del Tribunal de Primera Instancia debió haber sido ordenar la enmienda de la alegación correspondiente. Es por lo que resolvemos que la

---

[93] *Costas Elena v. Magic Sport Culinary Corp.*, 2024 TSPR 13, 213 DPR ___ (2024).

defensa de prescripción no fue renunciada, sino que la misma fue mal alegada y puede ser enmendada de acuerdo con las Reglas 6.2 y 6.3 de las de Procedimiento Civil, *supra.*

**IV**

Por los fundamentos antes expresados, las cuales hacemos formar parte de este dictamen, se expide el auto de *Certiorari* y modificamos la *Resolución* emitida a los fines de establecer que la defensa afirmativa de prescripción no fue renunciada y, así *modificada,* se *confirma* la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones